# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

Civil Action No. 3:12-cv-00057-JPG/DGW

| | |
|---|---|
| A.M.W., a minor; Janet Woolfolk, individually, and as parent and next friend of A.M.W.; Christopher Ryan Leach, a mentally incapacitated adult; Joseph A. Leach, individually, and as parent and next friend of Christopher Ryan Leach; Jill E. Leach, individually, and as parent and next friend of Christopher Ryan Leach; D.J.B., a minor; Stefanie L. Baldassare, individually, and as parent and next friend of DJB; A.C., a minor; Angela D. Barnett, individually, and as parent and next friend of A.C.; F.B., a minor; Ginnifer E. Baugher, individually, and as parent and next friend of F.B.; Philip Baugher, individually, and as parent and next friend of F.B.; K.B.B.; Linda Benjamin, individually, and as parent and next friend of K.B.B.; R.B., a minor; Monique R. Benjamin, individually, and as parent and next friend of R.B.; J.B., a minor; Linda LeJune, individually as legal custodian and next friend of J.B.; N.B., a minor; Sandra L. Book, individually, and as parent and next friend of N.B.; Gregory Book, individually, and as parent and next friend of N.B.;  L.C., a minor; Loida Colon, individually, and as parent and next friend of L.C.; M.G., a minor; Gina Corral, individually, and as parent and next friend of M.G.; T.A., a minor; Jennifer B. Covey, individually, and as parent and next friend of T.A.; J.L.D., a minor; Shannon L. Dolan, individually, and as parent and next friend of J.L.D.; Shaun Dolan, individually, and as parent and next friend of J.L.D.; B.G., a minor; Kelly Gunn, individually, and as parent and next friend of B.G.; C.E.; Julie A. Hadley, individually, and as parent and next friend of C.E.; A.H., a minor; Donnica Hancock, individually, and as parent and next friend of A.H.; David Hancock, individually, and as parent and next friend of A.H.; E.H., a minor; Eddia Harrison, individually, and as parent and next friend of E.H.; J.D.H., a minor; Melissa J. Hoefs, individually, and as parent and next friend of J.D.H; Ronald Hoefs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) (Circuit Court of St. Clair County, IL, No. 10-L-422) |

| | |
|---|---|
| individually, and as parent and next friend of J.D.H.; K.R., a minor; Ana J. Jimenez, individually, and as parent and next friend of K.R.; D.W.K., a minor; Mary Kalenta, individually, and as parent and next friend of D.W.K.; Daniel Kalenta, individually, and as parent and next friend of D.W.K.; J.L.M., a minor; Yvette Morehead, individually, and as parent and next friend of J.L.M.; Randy Joe Morehead, individually, and as parent and next friend of J.L.M.; J.W.A., a minor; Nicky Name, individually, and as parent and next friend of J.W.A.; K.M.P., a minor; Toni Pollard, individually, and as parent and next friend of K.M.P.; H.L.G., a minor; Thompsalina A. Reed, individually, and as parent and next friend of H.L.G.; R.D., a minor; Cynthia Reynolds, individually, and as parent and next friend of R.D.; E.M.M., a minor; Julie Reynolds, individually, and as parent and next friend of E.M.M.; A.A., a minor; Brenda Rodriguez, individually, and as parent and next friend of A.A.; A.M.S., a minor; Denise R. Songstad, individually, and as parent and next friend of A.M.S.; Robert Songstad, individually, and as parent and next friend of A.M.S.; J.S., a minor; Carrie Taylor, individually, and as parent and next friend of J.S.; D.R.W., a minor; James R. White, individually, and as parent and next friend of D.R.W.; J.N.B., a minor; Ginger Bailey, individually, and as parent and next friend of J.N.B.; N.C., a minor; Liza Carnagio, individually, and as parent and next friend of N.C.; T.Q., a minor; Rebecca Chapman, individually, and as parent and next friend of T.Q.; A.S., a minor; Cherish Dickey, individually, and as parent and next friend of A.S.; E.G., a minor; Heather Harvey, individually, and as parent and next friend of E.G.; D.L., a minor; Dana Moore, individually, and as parent and next friend of D.L.; E.N., a minor; Dawn Nowak, individually, and as parent and next friend of E.N.; Steve Nowak, individually, and as parent and next friend of E.N.; S.R., a minor; Monica Raynes, individually, and as parent and next friend of S.R.; Nathaniel Raynes, individually, and as parent and next friend of S.R.; K.R., a minor; Nancy Royan, individually, and as parent and next friend of K.R.; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2

| | |
|---|---|
| O.F., a minor; Kathleen Wheeler, individually, and as parent and next friend of O.F.; F.V., a minor; Krista Wirick, individually, and as parent and next friend of F.V., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES, INC. | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Abbott Laboratories, Inc. ("Abbott"), by its undersigned counsel and pursuant to 28 U.S.C. § 1446 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. §§ 1332(d) & 1453 ("CAFA"), hereby removes this action.  Abbott also is removing the following five related actions, filed in either the Circuit Court of St. Clair County or the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois:

- *Bartolini, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 10-L-651, presently on appeal to the Appellate Court of Illinois, Fifth District, No. 5-11-0309;[1]

- *Book, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 11-L-27, presently on appeal to the Appellate Court of Illinois, Fifth District, No. 5-11-0308;

---

[1] *Bartolini* and three of the other cases filed in the Circuit Court of St. Clair County (*Book, Brumfield*, and *Woolfolk*) are currently the subjects of interlocutory appeals from the Circuit Court's rulings denying Abbott's motions to transfer the cases to a county with proper venue in the Northern District of Illinois, and are stayed in the Circuit Court of St. Clair County pending the outcome of those appeals.

3

- *Brumfield, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 11-L-143, presently on appeal to the Appellate Court of Illinois, Fifth District, No. 5-11-0310;

- *Alexander, et al. v. Abbott Laboratories, Inc.*, Circuit Court of St. Clair County No. 11-L-583; and

- *Pyszkowski, et al. v. Abbott Laboratories, Inc.*, Circuit Court of Madison County No. 11-L-737.

These six actions, filed on behalf of more than 100 plaintiffs, are product-liability cases seeking monetary relief against Abbott arising out of Plaintiffs' alleged use of the FDA-approved medicine Depakote, and are subject to a proposal by Plaintiffs' counsel to consolidate them for all purposes through trial. *See* 28 U.S.C. § 1332(d)(11)(B)(i). The bases for removal of these six actions, collectively, the "Southern Illinois Depakote Mass Action,"[2] are as follows:

1.  Plaintiffs' proposal for consolidation includes not only the Southern Illinois Depakote Mass Action, but also the following four Depakote cases filed in state court located in the Northern District of Illinois – specifically, in the Circuit Court of Cook County, Illinois: *C.B., et al. v. Abbott Laboratories, Inc.*, No. 11-L-12695; *Benjamin, et al. v. Abbott Laboratories, Inc.*, No. 11-L-8510; *Burks, et al. v. Abbott Laboratories, Inc.*,

---

[2]  On January 18, 2012, Abbott submitted for filing a single Notice of Removal seeking removal of all six actions in—indeed, as—the Southern Illinois Depakote Mass Action. That Notice of Removal contained the *Alexander* case caption as the lead caption, along with the captions of the other five actions. The Clerk of the Southern District of Illinois subsequently informed Abbott's counsel that separate Notices of Removal would have to be filed in each action. As a result, the Notice of Removal in *Alexander* (*see* S.D. Ill. No. 3:12-cv-00052-DRH-DGW) was filed in this Court on January 18, 2012. In conjunction with this Notice of Removal, separate Notices of Removal also are being filed contemporaneously in the other four actions.

No. 11-L-4045; and *J.F., et al. v. Abbott Laboratories, Inc.*, No. 11-L-8508. These four cases are, collectively, the "Northern Illinois Depakote Mass Action."

2. In addition to the removal of the actions that make up the Southern Illinois Depakote Mass Action, on January 18, 2012 Abbott removed the actions that make up the Northern Illinois Depakote Mass Action to the United States District Court for the Northern District of Illinois, Eastern Division, the district and division where those four constituent actions are pending. *See* 28 U.S.C. § 1446(a). A copy of the Notice of Removal for the actions that make up the Northern Illinois Depakote Mass Action is attached as Exhibit E.

3. Abbott uses the terms "Northern Illinois Depakote Mass Action" and "Southern Illinois Depakote Mass Action" for convenience only. Plaintiffs have not proposed two "mass actions"; they have proposed instead a single "mass action" that embraces both the Northern and Southern Illinois Depakote Mass Actions. Abbott refers to this single "mass action" that Plaintiffs have proposed as the "Illinois Depakote Mass Action." Although constrained to remove the actions that make up the Southern Illinois Depakote Mass Action to this Court, *see* 28 U.S.C. § 1446(a), Abbott anticipates that one or more motions may follow in an effort to bring all of the cases that make up the Illinois Depakote Mass Action before a single court.

**Procedural Requirements**

4. The Illinois Depakote Mass Action asserts product-liability claims seeking monetary relief in excess of $5,000,000, exclusive of interest and costs, against one Defendant, Abbott, concerning its distribution of the FDA-approved medicine Depakote.

Copies of all process, pleadings, and orders served upon Abbott in each of the six constituent cases that make up the Southern Illinois Depakote Mass Action are attached hereto as Exhibits F through K.  *See* 28 U.S.C. § 1446(a).

5. There are 283 Plaintiffs included in the Southern Illinois Depakote Mass Action:  279 in the five actions filed in the Circuit Court of St. Clair County (*Bartolini* (86), *Book* (53), *Brumfield* (45), *Alexander* (2), and *Woolfolk* (93)); and 4 in *Pyszkowski*, the one action filed in the Circuit Court of Madison County.  A chart listing all of the Plaintiffs in the entire Illinois Depakote Mass Action is attached as Exhibit B, and a chart identifying Plaintiffs' counsel in each of the cases that make up the Illinois Depakote Mass Action is attached as Exhibit C.

6. Under 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Although all of the cases that make up the Illinois Depakote Mass Action were filed separately, Plaintiffs' counsel in the *Alexander* case, on or after December 29, 2011, filed in the Supreme Court of Illinois and served on Abbott via express mail a "Motion to Consolidate and Transfer Pursuant to [Illinois] Supreme Court Rule 384", a Memorandum in Support, and other supporting documents (collectively, the "Motion to Consolidate").  Abbott received the Motion to Consolidate on January 3, 2012.  The Motion to Consolidate, including Plaintiffs' supporting memorandum and proposed

order, is attached hereto as Exhibit A. This Notice of Removal is being filed within thirty days after Abbott received the Motion to Consolidate. Accordingly, removal is timely.

7. "A defendant or defendants desiring to remove any civil action … from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The United States District Court for the Southern District of Illinois is the district court of the United States for the district and division embracing the place where the Southern Illinois Depakote Mass Action is pending.

8. As required by 28 U.S.C. § 1446(d), Abbott will provide written notice of the filing of this Notice of Removal to Plaintiffs' attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Circuit Court of St. Clair County, Illinois, and with the Clerk of the Illinois Appellate Court, Fifth District, where the appeal of this action is pending.

## Original Jurisdiction

### Mass-Action Removal

9. The Illinois Depakote Mass Action is a "mass action" removable under CAFA. CAFA provides that, "[f]or purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A).

"[T]he term 'mass action' means any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)."  *Id*. § 1332(d)(11)(B).  Thus, a mass action removable under CAFA must satisfy four criteria:

- It is a civil action commenced on or after February 18, 2005, in which monetary relief claims of one hundred or more persons are proposed to be tried jointly;

- the plaintiffs' claims are proposed to be tried jointly on the ground that they involve common questions of law or fact;

- there is minimal diversity of citizenship, that is, at least one plaintiff is not a citizen of the same state as at least one defendant; and

- each plaintiff seeks a recovery exceeding $75,000, exclusive of interest and costs.

*Brown v. Bayer Corp.,* 2010 WL 148629, at *2 (S.D. Ill. Jan. 13, 2010) ("*Brown II*") (citing cases).

10. Plaintiffs' Motion to Consolidate requests consolidation, in the Circuit Court of St. Clair County, of the claims of 283 Plaintiffs in the Southern Illinois Depakote Mass Action *and* the claims of 127 additional Plaintiffs in the Northern Illinois Depakote Mass Action on the basis that the "Depakote Cases present common questions of fact concerning Abbott's development, testing, manufacturing, and marketing of

8

Depakote, as well as the common questions of law regarding Abbott's liability for same." Ex. A, Mot. at 1–2.

11.     Specifically, Plaintiffs' Motion to Consolidate proposes that the cases making up the Illinois Depakote Mass Action be consolidated in order to "eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial *and trial* rulings, and thereby promote judicial efficiency." *Id.*, Mot. at 2 (emphasis added). Plaintiffs' Memorandum in Support further proposes that "[c]onsolidating these cases for proceedings *through trial* will prevent duplication and inconsistency in discovery and court rulings, and will allow the parties to coordinate document discovery, depositions, pretrial litigation, *and trial*." *Id.*, Mem. at 2 (emphasis added).

12.     Plaintiffs attached to their Motion to Consolidate an "Appendix of Actions," attached hereto as Exhibit D, listing the Depakote actions proposed for consolidation. Nine of the ten cases that make up the Illinois Depakote Mass Action, representing a total of 381 Plaintiffs, are listed in the Appendix. *See* Ex. D. The tenth case, *C.B., et al.*, which has twenty-nine Plaintiffs and was filed after the other nine cases, is also part of Plaintiffs' Motion to Consolidate by virtue of the Motion's express request that "subsequently filed related actions" also be consolidated. This brings to 410 the total number of Plaintiffs whose claims are proposed to be consolidated through trial. *See* Ex. A, Mot. at 2; Ex. B.

13.     Plaintiffs have therefore proposed a joint trial for the monetary claims of 100 or more persons involving common questions of law or fact.[3]  See 28 U.S.C. § 1332(d)(11)(B)(i); *Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008) (holding that a case in state court may become a removable mass action "long after filing" if the claims of more than 100 plaintiffs are subsequently proposed to be tried jointly; describing as removable a hypothetical set of 15 suits with 10 plaintiffs each that plaintiffs proposed be tried together).

14.     According to the complaints in these cases, Plaintiffs are citizens of many different states.  *See, e.g.*, Ex. F, *Bartolini* First Am. Compl. at F27-F41, ¶¶ 1–39 (alleging that the 86 *Bartolini* Plaintiffs hail from Arizona, California, Florida, Indiana, Illinois, Kansas, Kentucky, Louisiana, Maine, Maryland, Missouri, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee,

---

[3]     Although Plaintiffs' Motion to Consolidate appears under the caption of the *Alexander* case, Plaintiffs' Motion expressly proposes to consolidate all current and future Illinois Depakote Cases.  Moreover, Plaintiffs' counsel of record in the *Alexander* case represent all of the Plaintiffs in the cases that make up the Southern Illinois Depakote Mass Action.  *See* Ex. C; *compare* Ex. A, Mot. at 3–4, *with* Ex. F, *Bartolini* First Am. Compl. signature pages at F51-F52, *and* Ex. G, *Book* Compl. signature pages at G51-G52.  Given the overlap of Plaintiffs' counsel, the Motion to Consolidate must have been filed with the consent or acquiescence of all of the Plaintiffs whose claims make up the Southern Illinois Depakote Mass Action.  It is therefore unsurprising that, the time for opposing the Motion to Consolidate now having expired, none of the Plaintiffs in the Southern Illinois Depakote Mass Action has opposed or objected to that Motion.  Not having opposed the Motion to Consolidate, these Plaintiffs are deemed to have assented thereto by their silence.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 n.3 (7th Cir. 1992) ("express[ing] some sympathy" with the view that dismissal of plaintiff's claim should be deemed voluntary where plaintiff could have appealed and failed to do so); *Mobley v. Cerro Flow Prods., Inc.*, 2010 WL 55906, at *3 (S.D. Ill. Jan. 5, 2010) (citing *Poulos* for the proposition "that only a voluntary act of a plaintiff (rather than an involuntary consolidation) can make a case removable").

Texas, Utah, Virginia, and West Virginia).  As alleged by Plaintiffs, Defendant Abbott has its principal place of business in Illinois.  *See*, *e.g.*, *id.* at F41, ¶ 41.  Therefore, at least one Plaintiff is a citizen of a state different from Abbott.  28 U.S.C. § 1332(d)(2)(A).

15.     Plaintiffs seek damages for injuries suffered as a result of the use of Depakote, which is an anti-convulsant medicine.  *See*, *e.g.*, Ex. F, *Bartolini* First Am. Compl. at F41-F42, ¶ 43.  Specifically, Plaintiffs allege that Depakote causes severe birth defects, including spina bifida, cleft palate, cleft lip, limb and digital deformities, facial dysmorphism, mental developmental delays, genitourinary malformations, and heart defects, if taken during the first trimester of pregnancy.  *See*, *e.g.*, *id.* at F42-F43, ¶¶ 46–47.  As a result, Plaintiffs allege that they have suffered severe economic and non-economic injuries, and they seek compensation for physical disfigurement, pain and suffering, loss of enjoyment of life, loss of consortium, expenses for medical treatment, and lost wages, among other things.[4]  *See id.* at F46, ¶ 56, *and* F50, ¶ 77.

16.     Based on the factual allegations in the complaints that make up the Illinois Depakote Mass Action, construed as true for purposes of assessing removal jurisdiction, the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs, and each of the 410 Plaintiffs' claim exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a) & (d)(6); *Brown v. Bayer Corp.*, 2009 WL 3152881, at *2

---

[4]   A typical Depakote action includes the claims of a minor plaintiff brought by one or more parents or other adult representatives and the individual claims of the parent(s) or adult representative(s).  *See*, *e.g.*, Ex. F, *Bartolini* First Am. Compl. at F27-F41, ¶¶ 1, 3–9, 11, 13–14, 16–37, 39.  In isolated instances, an adult plaintiff individually brings his or her own claims.  *See*, *e.g.*, *id.* F28-F40, ¶¶ 2, 10, 12, 15, 38.

11

(S.D. Ill. Sept. 28, 2009) ("*Brown I*") (finding requisite amount in controversy based on "the nature of the injuries alleged"; plaintiffs' pleading for damages in excess of $50,000; and their allegation that they had "suffered permanent injuries as a result of which they have incurred and will continue to incur medical expenses in connection with their use of Trasylol").

17.  Based on substantially the same allegations, the amount in controversy in the six cases that make up the Southern Illinois Depakote Mass Action alone exceeds $5 million, exclusive of interest and costs, and each of the 283 Plaintiffs' claims in the Southern Illinois Depakote Mass Action also exceeds $75,000, exclusive of interest and costs.

18.  Based upon the foregoing, this Court has jurisdiction over the Southern Illinois Depakote Mass Action under CAFA, and the Southern Illinois Depakote Mass Action may be removed by Abbott pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1446, and 1453.

WHEREFORE, Defendant Abbott Laboratories, Inc. hereby removes the Southern Illinois Depakote Mass Action to this Court.

Dated:  January 19, 2012

**ABBOTT LABORATORIES, INC.**

BY:   s/ Kathleen B. Barry
_____
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
Firm I.D. #90875

Paul F. Strain
Stephen E. Marshall
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7400

       **ATTORNEYS FOR DEFENDANT**
       **ABBOTT LABORATORIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2012, I separately served a copy of the foregoing Notice of Removal, together with a copy of the Exhibits to Notice of Removal, via first class mail, with proper postage prepaid, to counsel of record listed below:

Ralph D. McBride
Bracewell & Guiliani LLP
711 Louisiana Street, Suite 2300
Houston, TX  77002-2781
ralph.mcbride@bgllp.com

Jeffrey D. Meyer
The Meyer Law Firm, P.C.
510 Bering Drive, Suite 300
Houston, TX  77057
jeff@themeyerlawfirm.com

Tommy Fibich
Fibich Hampton & Leebron LLP
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX  77010
tommyf@fhl-law.com

John T. Boundas
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
jboundas@williamskherkher.com

Allen N. Schwartz
Kravolec, Jambois & Schwartz
60 West Randolph Street
4th Floor
Chicago, IL 60601
aschwartz@kjs-law.com

Robert L. Salim
Attorney at Law
1901 Texas Street
Natchitoches, LA  71457
skeeter@cp-tel.net

William M. Audet
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, CA  94105
WAudet@audetlaw.com

Lloyd M. Cueto
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, Illinois 62223
cuetolm@cuetolaw.com

Christopher Cueto
Law Office of Christopher Cueto, Ltd.
7110 West Main St.
Belleville, IL  62223
cueto@aol.com

      s/ Kathleen B. Barry
_____
One of the Attorneys for Defendant