IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JANET WOOLFOLK, individually and as parent and next friend of A.M.W, Jr., a minor, et al.,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 12-57-GPM ) |
| **ABBOTT LABORATORIES, INC.,** | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This lawsuit concerns personal injuries allegedly caused by Depakote, a prescription medication manufactured and distributed by Defendant Abbott Laboratories, Inc. ("Abbott"). This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal from state court. Federal subject matter jurisdiction is alleged by Abbott on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Currently this matter is before the Court on a motion for remand of this case to state court for lack of federal subject matter jurisdiction in diversity (Doc. 23).[1]

---

1. Plaintiffs in the case are, in addition to Janet Woolfolk, individually and as parent and next friend of A.M.W, Jr., a minor: Joseph A. and Jill E Leach, individually and as parents and next friends of Christopher Ryan Leach, a mentally incapacitated adult; Stefanie L. Baldassare, individually and as parent and next friend of D.J.B., a minor; Angela D. Barnett, individually and as parent and next friend of A.C., a minor; Ginnifer E. and Philip Baugher, individually and as

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Brill v.*

---

parents and next friends of F.B., a minor; Linda Benjamin, individually and as parent and next friend of K.B.B.; Monique R. Benjamin, individually and as parent and next friend of R.B., a minor; Linda Lejune, individually and as legal custodian and next friend of J.B., a minor; Sandra L. and Gregory Book, individually and as parents and next friends of N.B., a minor; Loida Colon, individually and as parent and next friend of L.C., a minor; Gina Corral, individually and as parent and next friend of M.G., a minor; Jennifer B. Covey, individually and as parent and next friend of T.A., a minor; Shannon L. and Shaun Dolan, individually and as parents and next friends of J.L.D., a minor; Kelly Gunn, individually and as parent and next friend of B.G., a minor; Julie A. Hadley, individually and as parent and next friend of C.E.; Donnica and David Hancock, individually and as parents and next friends of A.H., a minor; Eddia Harrison, individually and as parent and next friend of E.H., a minor; Melissa J. and Ronald Hoefs, individually and as parents and next friends of J.D.H., a minor; Ana J. Jiminez, individually and as parent and next friend of K.R., a minor; Mary and Daniel Kaleta, individually and as parents and next friends of D.W.K., Jr., a minor; Yvette and Randy Joe Morehead, individually and as parents and next friends of J.I.M., a minor; Nicky Name, individually and as parent and next friend of J.W.A., a minor; Toni Pollard, individually and as parent and next friend of K.M.P., a minor; Thompsalina A. Reed, individually and as parent and next friend of H.L.G., a minor; Cynthia Reynolds, individually and as parent and next friend of R.D., Jr., a minor; Julie Reynolds, individually and as parent and next friend of E.M.M-R., a minor; Brenda Rodriguez, individually and as parent and next friend of A.A., a minor; Denise R. and Robert Songstad, individually and as parents and next friend of A.M.S., a minor; Carrie Taylor, individually and as parent and next friend of J.S., a minor; James R. White, individually and as parent and next friend of D.R.W., a minor; Ginger Bailey, individually and as parent and next friend of J.N.B., a minor; Liza Carnagio, individually and as parent and next friend of N.C., a minor; Rebecca Chapman, individually and as parent and next friend of T.Q., a minor; Cherish Dickey, individually and as parent and next friend of A.S., a minor; Heather Harvey, individually and as parent and next friend of E.G., a minor; Dana Moore, individually and as parent and next friend of D.L., a minor; Dawn and Steve Nowak, individually and as parents and next friends of E.N., a minor; Monica and Nathaniel Raynes, individually and as parents and next friends of S.R., a minor; Nancy Royan, individually and as parent and next friend of K.R., a minor; Kathleen Wheeler, individually and as parent and next friend of O.F., a minor; and Krista Wirick, individually and as parent and next friend of F.V., a minor.

*Countrywide Home Loans*, 427 F.3d 446, 447-49 (7th Cir. 2005); *Bemis v. Safeco Ins. Co. of Am.*, Civil No. 09-315-GPM, 2009 WL 1972169, at *2 (S.D. Ill. July 8, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."). With the foregoing standard in mind, the Court turns to the instant motion for remand.[2]

In its notice of removal, Abbott asserts that this case is removable under CAFA as a "mass action." A mass action within the meaning of CAFA is: (1) a civil action commenced on or after February 18, 2005, in which monetary relief claims of one hundred or more persons are joined; (2) the plaintiffs' claims are proposed to be tried jointly on the ground that the claims involve common questions of law or fact; (3) there is minimal diversity of citizenship, that is, at least one

---

2. The Court notes from Abbott's notice of removal that this case appears currently to be on appeal in state court. The Court will assume, without deciding, that this case may be removed from a state appellate court to a federal district court. *See Reilly v. Waukesha County, Wis.*, 993 F.2d 1284, 1287 (7th Cir. 1993). *See also RTC v. Bayside Developers*, 43 F.3d 1230, 1236 (9th Cir. 1995); *RTC v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994); *In re 5300 Mem'l Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir. 1992).

plaintiff is not a citizen of the same state as at least one defendant; and (4) the plaintiffs each seek a recovery exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(11)(B)(i); *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 761-62 (7th Cir. 2008); *Mobley v. Cerro Flow Prods., Inc.*, Civil No. 09-697-GPM, 2010 WL 55906, at *2 (S.D. Ill. Jan. 5, 2010); *Brown v. Cerro Flow Prods., Inc.*, Civil No. 09-582-GPM, 2010 WL 55905, at *2 (S.D. Ill. Jan. 4, 2010); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). Additionally, CAFA authorizes removal of mass actions from state court to federal court. *See* 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1453(b); *Clayton v. Cerro Flow Prods., Inc.*, Civil No. 09-550-GPM, 2010 WL 55675, at *2 (S.D. Ill. Jan. 4, 2010); *Gilmore v. Bayer Corp.*, Civil No. 09-986-GPM, 2009 WL 4789406, at *2 (S.D. Ill. Dec. 9, 2009). As already has been noted, Abbott, as the removing party, has the burden of proving that all of the prerequisites for the exercise of federal subject matter jurisdiction in diversity under CAFA are met.[3]

The principal defect in Abbott's theory of CAFA jurisdiction in this case is that the case contains only ninety-three Plaintiffs, a little shy of the 100 plaintiffs required for the exercise of

---

3. This perhaps is the place to note that this case is not within the Court's traditional, pre-CAFA diversity jurisdiction. In general, federal courts have jurisdiction in diversity in cases in which there is complete diversity of citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). Here Woolfolk, whose state citizenship for purposes of diversity jurisdiction is imputed to her minor child, A.M.W., Jr., is a citizen of Illinois. *See Netherlands Ins. Co. v. Marathon Oil Corp.*, Civil No. 09-1057-GPM, 2009 WL 5213873, at *2 (S.D. Ill. Dec. 28, 2009). Abbott is a corporation organized under Illinois law with its principal place of business, that is to say, its headquarters or "nerve center," in Illinois, and thus is an Illinois citizen as well. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010). In sum, complete diversity of citizenship does not exist in this case.

diversity jurisdiction over a mass action. Abbott argues that the statutory minimum number of plaintiffs is satisfied in this instance because Plaintiffs in this case should be deemed by the Court to be parties to five other cases regarding personal injuries allegedly caused by Depakote that are pending before the Court on removal from state court, to wit: *Alexander v. Abbott Laboratories, Inc.*, Civil No. 12-52-GPM (S.D. Ill. filed Jan. 19, 2012); *Bartolini v. Abbott Laboratories, Inc.*, Civil No. 12-53-GPM (S.D. Ill. filed Jan. 19, 2012); *Book v. Abbott Laboratories, Inc.*, Civil No. 12-54-GPM (S.D. Ill. filed Jan. 19, 2012); *Brumfield v. Abbott Laboratories, Inc.*, Civil No. 12-55-GPM (S.D. Ill. filed Jan. 19, 2012); and *Pyszkowski v. Abbott Laboratories, Inc.*, Civil No. 12-56-GPM (S.D. Ill. filed Jan. 19, 2012). According to Abbott, if the Court simply aggregates the claims of the ninety-three Plaintiffs in this case with the those of the two plaintiffs in *Alexander*, the eighty-five plaintiffs in *Bartolini*, the fifty-three plaintiffs in *Book*, the forty-five plaintiffs in *Brumfield*, and the four plaintiffs in *Pyszkowski*, then this case may be deemed to contain a grand total of 282 Plaintiffs.[4]

Unfortunately for Abbott, aggregating separate cases to satisfy the minimum number of 100 plaintiffs required for a CAFA mass action is expressly foreclosed by the decision of the

---

4. Somewhat bizarrely, Abbott also proposes that Plaintiffs in this case be deemed parties to four actions involving personal injuries allegedly caused by Depakote that were filed in the Circuit Court of Cook County, Illinois, and apparently have been removed by Abbott to the United States District Court for the Northern District of Illinois. The Court entirely fails to see how cases pending in courts completely separate from this one may be deemed to be this Court's cases through any form of legal legerdemain. The Court notes also that since the removal to this Court of this case, *Alexander*, *Bartolini*, *Book*, *Brumfield*, and *Pyszkowski*, an additional case involving personal injuries allegedly caused by Depakote has been removed to this Court, *Harris v. Abbott Laboratories, Inc.*, Civil No. 12-163-GPM (S.D. Ill. filed Feb. 24, 2012). Presumably, Abbott would argue that the thirty-two plaintiffs in *Harris* should be aggregated with the Plaintiffs in this case and in *Alexander*, *Bartolini*, *Book*, *Brumfield*, and *Pyszkowski*, for purposes of satisfying the minimum number of plaintiffs specified by the mass action requirements of CAFA.

United States Court of Appeals for the Seventh Circuit in *Anderson v. Bayer Corp.*, 610 F.3d 390 (7th Cir. 2010). In *Anderson* the court of appeals was confronted by four separate cases, none of which involved 100 or more plaintiffs but which the removing defendants argued contained, in the aggregate, 111 plaintiffs. *See id*. at 392. Noting that CAFA expressly excludes from its definition of a mass action cases that have been consolidated on a defendant's motion, the *Anderson* court said: "The mass action provision gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction. The instant cases contain fewer than 100 plaintiffs and thus are not removable under the plain language of the statute." *Id*. at 393. The court said further that the removing defendants' "argument that these separate lawsuits be treated as one action is tantamount to a request to consolidate them – a request that Congress has explicitly stated cannot become a basis for removal as a mass action." *Id*. at 393-94 (citing 28 U.S.C. § 1332(d)(11)(B)(ii)(II)). The court found the defendants' contention that the plaintiffs had deliberately divided their cases in order to avoid the mass action threshold irrelevant. "By excluding cases in which the claims were consolidated on a defendant's motion, Congress appears to have contemplated that some cases which could have been brought as a mass action would, because of the way in which the plaintiffs chose to structure their claims, remain outside of CAFA's grant of jurisdiction." *Id*. at 393. "This is not necessarily anomalous; after all, the general rule in a diversity case is that 'plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum.'" *Id*. (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000)). *See also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953-54 (9th Cir. 2009) (seven similar cases, each involving fewer than 100 plaintiffs, could not be treated as a single mass action for CAFA purposes because this would amount to consolidating the cases on the removing defendant's motion).

In support of its argument that this case is indeed a CAFA mass action, Abbott puts great weight on the fact that the plaintiffs in *Alexander* have moved in the Supreme Court of Illinois for coordinated or consolidated pretrial proceedings in the St. Clair County circuit court in this case, *Alexander*, *Bartolini*, *Book*, *Brumfield*, and *Pyszkowski*, as well as in the four Depakote actions that, as already has been noted, are pending in the Northern District of Illinois. Under the Illinois Supreme Court Rules,

> When civil actions involving one or more common questions of fact or law are pending in different judicial circuits, and the supreme court determines that consolidation would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions, the supreme court may, on its own motion or on the motion of any party filed with the supreme court, transfer all such actions to one judicial circuit for consolidated pretrial, trial, or post-trial proceedings.

Illinois S. Ct. R. 384(a). *See also Neofotistos v. Center Ridge Co.*, 609 N.E.2d 806, 808 (Ill. App. Ct. 1993). It appears from the record that this request for centralization of Depakote cases remains pending before the Illinois Supreme Court and in fact is opposed by Abbott. Regardless, Abbott argues that the Rule 384 motion shows that the disparate actions at issue here nonetheless comprise a mass action. Abbott ignores, of course, the fact that CAFA excludes from the definition of a mass action cases in which "the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). Conversely, of course, if separate cases are consolidated for trial, they properly may be aggregated as a mass action. *See Anderson*, 610 F.3d at 394 (citing *Bullard*, 535 F.3d at 762) ("Of course, subsequent action by the plaintiffs in state court might render these claims removable . . . . So long as plaintiffs (or perhaps the state court) do not propose to try these cases jointly in state court, they do not constitute a mass action removable to federal court."). However, it does not appear from the Rule 384 motion in this case that the plaintiffs

in *Alexander* contemplate a joint trial of the claims asserted in the various cases at issue here. Rather, the *Alexander* plaintiffs state simply that "[c]onsolidating these cases for proceedings through trial will prevent duplication and inconsistency in discovery and court rulings, and will allow the parties to coordinate document discovery, depositions, pretrial litigation, and trial." Doc. 23-3 at 2. Thus, it appears that the *Alexander* plaintiffs contemplate consolidated discovery and pretrial proceedings, but not a joint trial of the hundreds of claims asserted in the ten subject cases. This is consistent with the Court's experience, in which so-called "mass tort" cases are never tried in their entirety, and instead "bellwether" claims selected by the parties are tried individually in order to answer difficult issues of causation or liability common to all of the claims and/or to value the remaining claims in the case for purposes of settlement. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-02100-DRH-PMF, MDL No. 2100, 2010 WL 4024778, at **2-3 (S.D. Ill. Oct. 13, 2010) (citing Manual for Complex Litigation (Fourth) § 22.315 (2004)) (directing the selection of twelve bellwether cases for individual trials in a multidistrict litigation proceeding involving some 3,700 cases). In any event, Abbott, which, as noted, has the burden of proof as to subject matter jurisdiction, has not pointed to any evidence that counsel for the hundreds of claimants in the cases under discussion actually propose to try all of those claims at one time, a venture that strikes the Court as quixotic, to say the least. The Seventh Circuit Court of Appeals held recently that a vague "prediction of what might happen if the judge decided to hold a mass trial" of tort claims is insufficient to establish that a case qualifies as a mass action and thus is within federal jurisdiction pursuant to CAFA. *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011). Abbott has failed to show that this case is removable as a mass action under CAFA.

As a final matter, the Court addresses the issue of whether to compel Abbott to pay costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. In the Seventh Circuit objective unreasonableness of removal generally is established only where a removal violates Seventh Circuit law as pronounced by the decisions of the Seventh Circuit Court of Appeals and the Supreme Court of the United States. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007); *Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1090 (S.D. Ill.2009). As a rule, it is difficult to prove that the removal of a case is objectively unreasonable so as to warrant an award of costs and expenses, including attorney fees, for improper removal, given what the Seventh Circuit Court of Appeals has acknowledged is a "dearth" of appellate authority regarding removal caused by the broad prohibition of appellate review of remand orders imposed by 28 U.S.C. § 1447(d). *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir. 2008). Here Abbott came remarkably close to the knuckle in its removal of this case, but the Court cannot call the removal objectively unreasonable. Thus, the Court will not award costs and expenses pursuant to Section 1447(c) in this case.

To conclude, Plaintiffs' motion for remand (Doc. 23) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to state court for lack of federal subject matter jurisdiction. Abbott's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 13) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: April 17, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge