# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| D.W.K., JR. and parents MARY and DANIEL KALETA, | ) ) |
| | ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 14-CV-847-NJR-SCW |
| | ) |
| ABBOTT LABORATORIES, INC., | ) ) |
| Defendant. | ) |

# **ORDER**

As explained in previous orders of the Court, this litigation involves a mass tort action, currently consisting of eighty-six cases on the undersigned District Judge's docket, in which numerous plaintiffs allege that they sustained personal injuries from the use of Abbott's prescription drug Depakote. This mass tort action was removed to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11)(B)(i). On April 17, 2012, Judge G. Patrick Murphy remanded the action to state court for lack of subject matter jurisdiction, but his order was subsequently reversed by the Seventh Circuit (Docs. 29 & 32 in Lead Case 12-cv-52). Upon Judge Murphy's retirement in December 2013, the action was reassigned to Judge David R. Herndon (Doc. 192 in Lead Case 12-cv-52). On May 19, 2014, the action was reassigned to the undersigned District Judge (*See* Doc. 288 in Lead Case 12-cv-52).

On July 25, 2014, the Court selected the following three bellwether cases for trial: D.W.K., Jr. and parents Mary and Daniel Kaleta (12-cv-57); E.P. and C.P. and parents Roger and Mindy Pyszkowski (to be tried together) (12-cv-56); and J.F. and parent Michelle Leal (13-cv-34) (*See* Doc. 304 in Lead Case No. 12-cv-52). The Court explained that D.W.K., Jr. and parents Mary and Daniel Kaleta (12-cv-57) would be tried first. For case management and docket control purposes, the Court opened a new case number, 14-cv-847-NJR-SCW, for these three cases only (12-cv-57, 12-cv-56, 13-cv-34). As to D.W.K., Jr. and parents Mary and Daniel Kaleta (12-cv-0057), the Court set a dispositive motion and *Daubert* motion deadline, a Final Pretrial Conference date, and a Jury Trial date (*See* Docs. 1 & 49 in Case No. 14-cv-847).

Plaintiffs asserted the following claims in their Second Amended Complaint: strict products liability (Count I); negligence (Count II); breach of implied warranty (Count III); breach of express warranty (Count IV); misrepresentation by omission (Count V); fraud and misrepresentation (Count VI); intentional infliction of emotional distress (Count VII); negligent infliction of emotional distress (Count VIII); and willful and wanton conduct (Count IX) (Doc. 60). All claims, except for the intentional infliction of emotional distress claim (Count VII), survived summary judgment (Doc. 282).

This matter then proceeded to a fifteen day jury trial, beginning on March 2, 2015. On day ten of trial, Plaintiffs withdrew the following claims: breach of implied warranty (Count III); breach of express warranty (Count IV); misrepresentation by omission(Count V); fraud and misrepresentation (Count VI); and negligent infliction of

emotional distress (Count VIII) (*See* Doc. 358, p. 27).  On day eleven of trial, Plaintiffs withdrew their strict liability-design defect claim (Doc. 365).  On the last day of trial, Plaintiffs elected to submit only the strict liability-failure to warn claim to the jury, and the jury rendered a verdict in Abbott's favor on March 20, 2015 (Doc. 387).

Finding that no just cause exists to delay appeal,[1] the Court will enter judgment as to D.W.K., Jr. and parents Mary and Daniel Kaleta (12-cv-0057) pursuant to Rule 54(b).  *See* FED. R. CIV. P. 54 (b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *see also Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015) (Rule 54(b) permits district courts to authorize immediate appeal "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay."); *In re MTBE Products Liability Litigation*, 2010 WL 1328249, at *4 ("the role of this trial as a bellwether for an entire MDL makes this the type of 'exceptional' case where entry of final judgment pursuant to Rule 54(b) is appropriate").  The Clerk is directed to file a copy of this Order and the Judgment in 12-cv-57.

In light of the verdict, Abbott's Rule 50 motions (Docs. 360 & 378) are **MOOT**.

---

[1] This case represents the first bellwether to be tried in this mass tort action.  An appellate decision as to the issues that have arisen in preparation for and during the trial is necessary to achieve the intended purpose of the bellwether approach.  *See In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, Nos. 00 MDL 1898, 04 CIV 3417 (SAS), 2010 WL 1328249, at *4 (S.D. N.Y. April 5, 2010).  Further, this trial took three weeks to complete.  Preparing and trying the remaining eighty-six cases on this Court's docket will likely take many more years.  Thus, a failure to allow for appellate review of issues relating to this bellwether trial would work an injustice on all the parties.  *Id*.

*See* Advisory Committee Notes to Rule 50 (noting that "a jury verdict for the moving party moots the issue"); *see also Phillips v. Community Ins. Corp.,* 678 F.3d 513, n.3 (7th Cir. 2012) (citing Advisory Committee Notes to Rule 50 regarding mootness); *see also Jackson v. Pfeiffer,* No. 03 C 941, 2006 WL 3488844, at *n.1 (E.D. Wisc. Dec. 4, 2006) ("Defendant Perales' oral motions for judgment as a matter of law under Rule 50(a) . . . are moot in view of the jury's finding with respect to him").

All other pending motions are **DENIED without prejudice** to refiling in accordance with the schedule set for the next bellwether case. The next bellwether case will be set for trial and deadlines assigned by a separate scheduling order.

IT IS SO ORDERED.

DATE: March 24, 2015

s/ Nancy J. Rosenstengel_____<br>
NANCY J. ROSENSTENGEL<br>
**United States District Judge**